```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JEFFREY WILSON,<br><br>    Petitioner<br><br>    v.<br><br>LYDELL SHERRER,<br>Administrator, Riverfront<br>State Prison and PETER<br>HARVEY, Attorney General of<br>New Jersey,<br><br>    Respondents. | HON. JEROME B. SIMANDLE<br><br>Civil No. 02-01989 (JBS)<br><br>**OPINION** |

APPEARANCES:

Mr. Jeffrey Wilson
#281665/SBI#968644A
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101-9104
    Petitioner <u>pro se</u>

Peter C. Harvey
Attorney General of the State of New Jersey
    By: Debra A. Owens
        Division of Criminal Justice
        Appellate Bureau
        P.O. Box 086
        Trenton, NJ 08625
    Attorney for Respondents

**SIMANDLE**, District Judge:

I. <u>Introduction</u>

    Jeffrey Wilson, Petitioner, brings this <u>pro se</u> petition for <u>habeas corpus</u> relief pursuant to 28 U.S.C. § 2254.  The petition will be dismissed for lack of timeliness under 28 U.S.C. §

2244(d).

II. Background

In 1982 Mr. Wilson pleaded guilty to a five count criminal indictment under New Jersey state law and was sentenced to a term of imprisonment of 26 years.  (Gov't. Ex. 4 at 7, 11.)  In 1995 Mr. Wilson began his State sentence after being released from a Virginia prison where he had been serving for a crime committed in that State in 1977.  (Id. at 15.)

Mr. Wilson filed for post-conviction relief (PCR) in the Superior Court of New Jersey on May 29, 1998, (Gov't Ex. 8 at Pa. 1,) which the court denied on May 5, 1999.  (Gov't Ex. 11 at Da 34.)  The Appellate Division affirmed the denial of relief, (Gov't Ex. 4 at 1, 30,) and Mr. Wilson subsequently filed for certification with the Supreme Court of New Jersey, which that court denied on April 30, 2001.  (Gov't Ex. 1 at 1.)

On April 29, 2002 Mr. Wilson filed the instant petition with this Court under 28 U.S.C. § 2254, arguing: (1) the State violated his plea agreement; (2) the court accepted his guilty plea without a factual basis; and (3) he received ineffective assistance of counsel.[1]  (Wilson P.A. at 2-4.)  The State maintains that Mr. Wilson's petition is time barred under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C.

---

[1] The instant petition is properly before the Court as Mr. Wilson was convicted and is being held in custody in New Jersey.  28 U.S.C. § 2241(d).

2

§ 2244.  For the reasons now explained, this Court agrees.[2]  The petition will be dismissed.

III. Discussion

AEDPA requires petitions for writ of habeas corpus be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(a).  For cases decided prior to AEDPA's enactment on April 24, 1996, the one year limitation ends on April 23, 1997.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Congress created AEDPA's time limit in order to reduce abuses of the writ of habeas corpus and to expedite the judicial process by ensuring timely petitions from prisoners.  Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).

AEDPA allows for tolling of the one year statute of limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  For a state petition to toll the one year statute of limitations, that state petition must be filed within the one year period.  Id.  Petitioner here did not satisfy the time requirements of § 2254.

---

[2] Accordingly, as discussed below, the Court will not address the merits of this petition.

Mr. Wilson filed for writ of habeas corpus on April 29, 2002.  Since Mr. Wilson is contesting a 1982 conviction, however, his petition must have been filed by April 23, 1997, Burns, 134 F.3d at 111, which it clearly was not.  Furthermore, Mr. Wilson's state PCR did not toll the one year statute of limitations because he did not file it until May 29, 1998, 401 days after the April 23, 1997 deadline.  (Ex. 8 at Pa. 1.)

Mr. Wilson argues that despite the delay in filing for relief, this Court should equitably toll the one year statute of limitations.[3]  However, Mr. Wilson's argument does not satisfy the high threshold required for equitable tolling.  The Third Circuit allows equitable tolling of AEDPA's time limit in the court's discretion, Miller, 145 F.3d at 618, but only on the rare occasion when justice and fairness could not be achieved without an extension.  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

At a minimum, two conditions should be met for a court to equitably toll the statute of limitations: (1) some extraordinary circumstance must have created a bar for petitioner to file in a timely manner, and (2) the petitioner must have exercised due diligence in investigating and bringing the claim. Id. at 276.

---

[3] Though Mr. Wilson does not explicitly argue for equitable tolling, when a court decides petitions for writs of habeas in which the petitioner is acting pro se, the court should construe the pleadings more liberally than where the party is represented by counsel.  Lewis v. Att'y Gen. of U.S., 878 F.2d 714, 722 (3d Cir. 1989).

4

Compare Jones v. Morton, 195 F.3d 151 (3d Cir. 1999) (allowing equitable tolling when petitioner timely, but mistakenly, filed his petition in the wrong forum); Miller, 145 F.3d 616 (3d Cir. 1998) (allowing equitable tolling when petitioner missed deadline because he was in transit between various prisons and did not have access to legal documents during the one year period), with Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (tolling was rejected when the petitioner missed the deadline due to incorrect advice from counsel); Merrit v. Blaine, 326 F.3d 157, 170 (3d Cir. 2003) (holding that ignorance or misunderstanding towards the rules should not trigger equitable tolling).

Here, Mr. Wilson argues for equitable tolling based on two factors. First, Mr. Wilson asserts that he did not realize he faced consecutive sentences until June of 1996. (Wilson Response at 9.) Secondly, Mr. Wilson argues that his inability to obtain a transcript from his 1982 state court appearance hampered the discovery necessary for his PCR, thereby delaying its filing. (Id. at 9.) Both of these arguments fail to satisfy the high threshold required for equitable tolling.

In the first instance, Mr. Wilson's inability to acquire transcripts from his 1982 court appearance does not constitute an extraordinary circumstance warranting equitable tolling. See, Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of

5

access to a trial transcript does not preclude a petitioner from commencing post-conviction proceeding and therefore does not warrant equitable tolling."); see also, Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (holding that petitioner's counsel's withdrawal due to lack of transcript did not allow for equitable tolling).  Though the failure to obtain transcripts may have weakened Mr. Wilson's PCR, it did not create the type of obstacle required by Third Circuit precedent.

In any event, even assuming, arguendo, that Mr. Wilson's reasons for delayed filing constitute extraordinary circumstances, he did not exhibit due diligence.  Indeed, Mr. Wilson offers no explanation as to why he waited until May of 1998 to file his PCR.  Certainly, Mr. Wilson's discovery in June of 1996 of his consecutive sentences cannot explain waiting until May of 1998 to file his PCR.  Nor does Mr. Wilson explain why he did not file the instant petition until one year following denial of certification by the New Jersey Supreme Court.

Because Mr. Wilson neither faced extraordinary circumstances nor exhibited due diligence in filing this petition, this Court will not equitably toll the statute of limitations.[4]

---

[4] The Court additionally notes that the State may have been prejudiced by Mr. Wilson's delay in filing.  Though prejudicial delay is not a necessary defense, it is still a valid affirmative defense after AEDPA's enactment.  Prejudicial delay is usually only necessary where the petitioner has satisfied the AEDPA time limit but still prejudiced the state's defense due to a delay. See, Towns v. United States, 190 F.3d 468,470 (6th Cir. 1999)

IV. Conclusion

    For the foregoing reasons, Mr. Wilson's petition for writ of habeas corpus is untimely and will be denied.  The accompanying Order is entered.


**June 16, 2005**                            **s/ Jerome B. Simandle**
Date                                             Jerome B. Simandle
                                                      U.S. District Judge

---

(holding that prejudicial delay can still be a defense even if petitioner's writ was timely under AEDPA).

7